**JUVENILE COURT PROCEDURAL RULES COMMITTEE**
**FINAL REPORT[1]**

**Amendment of Pa.R.J.C.P. 1128**

On October 14, 2020, the Supreme Court amended Rule of Juvenile Court Procedure 1128 to clarify requirements for the presence of children at dependency proceedings.

Upon request, the Committee reviewed Pa.R.J.C.P. 1128 (Presence at Proceedings) to consider whether the rule invited a practice whereby children of a certain age were categorically excused from being present in court. While the rule did not encourage excusing children, the Committee recommended the rule be refined to emphasize the importance of a child's appearance and the need to consider a child's individual circumstances when deciding whether to excuse the child from a proceeding.

Pa.R.J.C.P. 1128(A) generally requires all parties to be present at dependency proceedings. This paragraph is amended to specifically include children under the general requirement. Pa.R.J.C.P. 1120 (Definitions) defines a "party" as "a person or the county agency who has standing to participate in the proceedings but nothing in these Rules confers standing upon a person." Under this definition, a child is a party because the child has standing to participate. *See, e.g.*, Pa.R.J.C.P. 1151 (providing for appointment of guardian *ad litem* or counsel to represent a child). Specifically including the child in paragraph (A) reinforces the importance of the child's presence and eliminates the need for readers to rely upon a definition to understand the scope of the requirement.

The Comment is also revised to emphasize that exceptions to a child's presence at dependency proceedings are to be based on individual circumstances. Moreover, the Comment references the requirement of Pa.R.J.C.P. 1129(A)(2) that the child be physically present in court at least every six months. Finally, the Comment indicates that a child's unease while attending should be mitigated by the court.

The amendment will become effective January 1, 2021.

---

[1] The Committee's Final Report should not be confused with the official Committee Comments to the rules. Also note that the Supreme Court does not adopt the Committee's Comments or the contents of the Committee's explanatory Final Reports.